IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOYCE EVANS,                           :

    Plaintiff,                       :

vs.                                    :        CA 06-0119-C

JO ANNE B. BARNHART,                   :
Commissioner of Social Security,
                                       :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 21 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 22 (order of reference)) Upon consideration of

the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the October 25, 2006 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to residuals of multiple knee surgeries and severe arthritis. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3.   The claimant's degenerative joint disease of the right knee secondary to four surgical procedures and degenerative joint disease of the left knee are "severe" impairments, based upon the requirements in the Regulations (20 CFR §§ 404.1520 and 416.920).
>
> 4.   This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5.   The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6.   The claimant retains the residual functional capacity for work activity that involves the ability to lift 10 pounds at a time

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

and occasionally lift and/or carry articles like docket files, ledgers, and small tools, sit for a total of 6 hours in an 8-hour workday, stand and/or walk for a total of 2 hours in an 8-hour workday and push and/or pull as much as she can lift and/or carry. However, the work must allow the use of a cane; must allow the claimant to sit/stand when desired; must not involve the use of foot/leg mechanical controls with the right lower extremity or more than occasional use of foot/leg mechanical controls with the left lower extremity; must not involve kneeling, crouching, squatting, crawling, or climbing stairs, ropes, ladders or scaffolding; must not require more than occasional exposure to extreme cold; must not require more than occasional concentrated exposure to water/liquids; must not involve the use of vibrating objects/moving parts with the right lower extremity or more than occasional use of the left lower extremity; must not involve working in high exposed places or around fast moving machinery on the ground.

7. The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).

8. The claimant is a "younger individual" (20 CFR §§ 404.1563 and 416.963).

9. The claimant has a "high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).

11. The claimant has the residual functional capacity to perform a significant range of sedentary work (20 CFR §§ 404.1567 and 416.967).

12. Although the claimant's exertional limitations do not allow her to perform the full range of sedentary work, using Medical-Vocational Rule 201.21 as a framework for decision-

> making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as a plastic design applier with 70 jobs in the region[,] 840 jobs in several regions and 43,700 jobs in the nation; and as a call out operator with 510 jobs in the region, 6,100 jobs in several regions and 318,250 jobs in the nation.
>
> 13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

(Tr. 19-20) The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th

Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform a reduced range of sedentary work, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ erred in failing to weigh all available medical evidence pursuant to 20 C.F.R. § 404.1527(d) and that she also erred in failing to assess all impairments pursuant to Social Security Rulings 96-9p and 83-12 by posing an incomplete hypothetical question to the vocational expert. Because it is clear to the undersigned that the ALJ erred in failing to weigh all available evidence in this case, specifically the medical records from Dr. David Nazarian, this Court need not address the remaining issue raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th

Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

The Commissioner's regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, **diagnosis** and prognosis, what [the claimant] can still do despite [the] impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2) (2006) (emphasis supplied). The regulations provide that regardless of the source of the medical opinion, the Commissioner will evaluate every opinion it receives. 20 C.F.R. § 404.1527(d). In general, the Commissioner will give more weight to the opinion of a medical source who has examined the claimant than the opinion of a non-examining source. 20 C.F.R. § 404.1527(d)(1); *see Syrock, supra*, 764 F.2d at 835 ("'The law is clear that, although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'").

In recognition of the Commissioner's regulations, the Eleventh Circuit requires an ALJ to "'state specifically the weight accorded to each item of

evidence and why [s]he reached that decision.'" *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991), quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Stated differently, in assessing the medical evidence in a particular case, an ALJ is "required to state with particularity the weight [s]he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citation omitted); *see Wiggins v. Schweiker*, 679 F.2d 1387, 1389 & 1390 (11th Cir. 1982) ("[T]he opinion of the ALJ in the present case does not mention Dr. Mracek, let alone reveal what weight, if any, the ALJ gave to the treating physician's evidence. . . . The ALJ's opinion, thus, not only fails to mention the appellant's treating physician and the weight, if any, the ALJ gave to the treating physician's evidence and opinion, but also strongly suggests that the ALJ did not accord the opinion of the appellant's treating physician the weight required by law. At the very least, we are unable to determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so. If we are to provide the parties with any sort of meaningful judicial review, we must be able to ascertain whether the ALJ correctly followed the law. Unable to divine this from the ALJ's opinion, we must reverse the district court and remand the case for reconsideration by the

ALJ, who should evaluate all the evidence according to the respective weight required by law and should render a decision that will provide reviewing courts with the basis for determining that he applied the correct legal standards."); *cf. Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986) ("The ALJ must articulate his reasons for not giving weight to the diagnoses accompanying the test results.").

In this case, the ALJ wholly failed to state the weight she was affording Dr. Nazarian's medical opinions and evidence. (Tr. 12-20) In fact, the ALJ's hearing decision makes no mention of Dr. Nazarian (*id.*) despite the fact that the ALJ recognized that Dr. Nazarian had examined Evans and that his medical records needed to be obtained before she rendered her decision (Tr. 267-268; *see also* Tr. 290 ("I'm also going to be sending a medical source statement to Dr. Nazarian. Long as we're doing everything, we might as well just hit them with everything.");[2] *see* Tr. 276-277 & 286 (in questioning plaintiff, the ALJ learned that Evans had seen Dr. Nazarian on two occasions and that during her last appointment, April 25, 2005, the orthopedic surgeon

---

[2] However, the record contains no medical source statement from Dr. Nazarian after the date of the hearing, the hearing having been conducted on June 1, 2005 (Tr. 263).

recommended further surgery on her right knee)).[3] The ALJ's failure to state with particularity the weight she was affording Dr. Nazarian's medical opinions and evidence is reversible error under the Commissioner's own regulations and Eleventh Circuit case law.[4] This error is particularly egregious in this case since Dr. Nazarian's April 25, 2005 diagnosis of a failed right knee and recommendation for further surgery (Tr. 198-199) arguably lend support to Dr. Stephen Bosacco's January 11, 2005 opinion that Evans was unable to work (Tr. 217 ("She cannot work in any capacity as she can barely walk.")), an opinion which the ALJ rejected (Tr. 16). On remand, the ALJ "should evaluate all the evidence according to the respective weight required by law and should render a decision that will provide reviewing courts with the basis for determining that [s]he applied the correct legal standards." *Wiggins, supra*,

---

[3] Dr. Nazarion's impression, or diagnosis, on April 25, 2005 was "[f]ailed right knee" (Tr. 198); he recommended right total knee revision arthroplasty (*id*.).

[4] The defendant contends that the ALJ's failure to mention Dr. Nazarian's findings in her decision does not mean those findings were not considered and she thereafter cites to *Dyer v. Barnhart*, 395 F.3d 1206 (2005), a case in which the Eleventh Circuit determined that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, as was *not* the case here, is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'" *Id*. at 1211 (citation omitted). Needless to say, an ALJ's failure to mention and weigh the medical opinions and evidence submitted by an examining physician is a far cry from an ALJ failing to mention one pain medication that a claimant is taking, as was the case in *Dyer*. Because *Dyer* is factually inapposite to this case it cannot "save the day" for the defendant.

679 F.2d at 1390.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 6th day of November, 2006.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**